IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTOMATIC SPRINKLER LOCAL 281, U.A. WELFARE FUND; and SPRINKLER FITTERS LOCAL UNION NO. 281, <br><br>        Plaintiffs, <br>vs. <br><br>RSD FIRE PROTECTION, INC., an Illinois Corporation, <br><br>        Defendant. | CASE NO.: 16-CV- 6131 <br><br>JUDGE: <br><br>MAGISTRATE JUDGE: |

## COMPLAINT

NOW COME the Plaintiffs, the AUTOMATIC SPRINKLER LOCAL 281, U.A. WELFARE FUND ("FUND") and the SPRINKLER FITTERS LOCAL UNION NO. 281 ("UNION"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant RSD FIRE PROTECTION, INC. ("RSD") and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 186, 1132(e)(1), 1145 and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the FUND is administered at 11900 S. Laramie Ave., Alsip, Illinois, 60803, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The FUND receives contributions from numerous employers pursuant to Collective Bargaining Agreements entered into between the UNION and the National Fire Sprinkler Association and, therefore, is a multiemployer plan under 29 U.S.C. § 1002.

4. The FUND is administered pursuant to the terms and provisions of its Agreement and Declaration of Trust (the "Trust Agreement").

5. Pursuant to the CBA, the UNION is the authorized collection agent of the Union Protection Fund, the International Training Fund and the Labor Management Cooperation Committee.

6. The UNION is the bargaining representative of Defendant RSD's bargaining unit employees.

7. Defendant RSD is an Illinois corporation with its principal place of business located in New Lenox, Illinois.

## COUNT I
## BREACH OF CONTRACT

8. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. RSD is an employer engaged in an industry affecting commerce and has been signatory to Collective Bargaining Agreements between the National Fire Sprinkler Association and the Sprinkler Fitters and Apprentices Local Union No. 281 (the "CBAs") for all times relevant to this action. (A copy of the most recent CBA is attached hereto as Exhibit 1.)

10. Defendant RSD also agreed to be bound by the terms of the Participation Agreement for Non-Collectively Bargaining and Special Class Employees on or about January 16, 2007, which requires a monthly minimum of 160 hours contributions to the FUND on behalf of Dennis Stanhibel. (A copy of the Participation Agreement for Non-Collectively

        Bargaining and Special Class Employees is attached as Exhibit 2; a copy of the relevant plan language from the FUND's Summary Plan Description and Plan Document is attached hereto as Exhibit 3).

11. Through the agreements referred to in paragraphs 9 and 10, Defendant RSD also became bound by the provisions of the FUND's Trust Agreement.

12. Pursuant to provisions of the CBA and the Trust Agreement, Defendant RSD is required to make monthly reports of hours worked by covered employees and pay contributions to the FUND at the negotiated rate.

13. Pursuant to the provisions of the CBA, Defendant RSD is required to make monthly reports of hours worked by covered employees and deduct union dues from its covered employees' wages, which are to be paid to the UNION.

14. The monthly reports, contributions and union dues required be paid as set forth in paragraphs 12 and 13 above during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

15. Pursuant to Section 502(g)(2) of ERISA, the CBA and the Trust Agreement, employers who fail to submit their monthly contribution reports, contributions, union dues and deductions to the FUND and UNION on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount unpaid and interest at an annual rate of twelve percent (12%) per annum, plus any reasonable attorney's fees and costs of maintaining suit.

16. A payroll compliance audit conducted for the period of January 1, 2007 through September 30, 2012 revealed that RSD owes the FUND and UNION unpaid contributions and union dues in the amount of $61,142.85.

17. As a result of RSD's untimely submission of contributions for the period of January 1, 2007 through September 30, 2012, RSD owes liquidated damages in the amount of $6,114.29 and interest.

18. Defendant RSD has a continuing obligation to pay contributions and union dues on behalf of its covered employees and additional amounts may become due.

19. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Defendant RSD.

20. Plaintiffs have complied with all conditions precedent in bringing this suit.

21. Defendant RSD is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreement and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. That Judgment be entered in favor of Plaintiffs and against Defendant RSD in the aggregate amount of $61,142.85 for all unpaid contributions and union dues revealed in the payroll compliance audit;

B. That Judgment be entered in favor of Plaintiffs and against Defendant RSD for all unpaid liquidated damages in the amount of $6,114.29;

C. That Judgment be entered in favor of Plaintiffs and against Defendant RSD for all unpaid interest at a rate of 12% per annum from the date the contributions are due until the date of the Judgment;

D. That Judgment be entered in favor of Plaintiffs and against Defendant RSD for any other contributions, union dues, liquidated damages, interest, auditor's fees or attorney's fees that are found to be due and owing in addition to the amounts referenced in paragraphs A

through C;

E. That Defendant RSD be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

F. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

        Respectfully submitted,

        **AUTOMATIC SPRINKLER LOCAL 281, U.A. WELFARE FUND** *et al.*

By: /s/ Melinda J. Wetzel – 6314257
      One of Plaintiffs' Attorneys

Melinda J. Wetzel
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60604
(312) 757-5472
wetzel@johnsonkrol.com

June 13, 2016

5